UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH L. CLOPPER,

    Plaintiff,

vs.                                      CASE NO. 3:08-cv-1055-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

### ORDER AND OPINION

This matter is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claim for disability insurance benefits (DIB). 42 U.S.C. § 405(g). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #10, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #11, D's Brief). The Commissioner has filed the transcript of the administrative proceedings and evidence (hereinafter referred to as "Tr." followed by the appropriate page number). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference filed June 19, 2009 (Doc. #13).

The Court has reviewed the record and has given it due consideration in its entirety, including the arguments presented by the parties in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not

benefit the Court in making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the decision is **REVERSED and the case is REMANDED for further proceedings**.

## PROCEDURAL HISTORY

In the instant action, Plaintiff protectively filed an application for DIB on June 23, 2004, alleging a disability onset of May 17, 2004 (Tr. 84, 97-101). Plaintiff's application was denied initially and upon reconsideration (Tr. 61, 62-63). Thereafter, Plaintiff requested a hearing, which was held on September 7, 2007 in Jacksonville, Florida before administrative law judge (ALJ) William H. Greer (Tr. 484-94). Plaintiff appeared and testified at the hearing (Tr. 486-92). Impartial vocational expert (VE) Jackson C. McKay appeared and testified in a very limited capacity (Tr. 492-93). Plaintiff's was represented during the underlying administrative proceedings by attorney David C. Hicks (Tr. 54, 484). ALJ Greer issued a hearing decision denying Plaintiff's claim for DIB on February 13, 2008 (Tr. 16-37). Plaintiff requested review of the hearing decision by the Appeals Council (AC); however, the AC denied Plaintiff's request (Tr. 6-9), making the hearing decision the final decision of the Commissioner. Thereafter, Plaintiff's current counsel of record, Ms. Jennifer L. Faerber, Esq., filed the instant complaint in federal court on November 3, 2008 (Doc. #1).[1]

---

[1] It appears from the record that both attorneys who have represented Plaintiff in this matter are from the same law firm of Binder and Binder, PC.

## SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION AND THE STANDARD OF REVIEW

Plaintiff is entitled to disability benefits if she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505.[2] The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 404.1520. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ found Plaintiff met the Social Security Act's insured status requirements through December 31, 2009 (Tr. 20). At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 17, 2004 (Tr. 23). At step two, the ALJ found Plaintiff had the severe impairments of psoriasis, psoriatic arthritis, temporomandibular joint disorder (TMJ), and depression (Tr. 23). At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 31). The ALJ assessed Plaintiff had the residual functional capacity (RFC) to perform light exertional work, with some physical limitations (*see* Tr. 31).

At step four, the ALJ determined Plaintiff could not return to her past relevant work (PRW) (Tr. 35). However, at step five, the ALJ used the Medical Vocational Rules (i.e.,

---

[2]Unless otherwise specified, all references to 20 C.F.R. will be to the 2009 edition.

3

the GRIDS)[3] to determine that, "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform" (Tr. 35). Thus, the ALJ found Plaintiff was not under a disability within the meaning of the Social Security Act at any time from Plaintiff's alleged onset date through the date of the decision (Tr. 36).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

---

[3]The Grids are a series of rules which use a matrix of a claimant's RFC for sedentary, light, medium or heavy work and the claimant's vocational profile of his age, education and past relevant work, to direct a conclusion on the issue of whether the claimant is capable of substantial gainful activity in the national economy. 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00-204.00; *Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983).

The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

As in all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen v. Yuckert*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). The plaintiff must provide the relevant medical and other evidence that he or she believes will prove the existence of disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## BACKGROUND AND ANALYSIS

The record reflects Plaintiff was born March 31, 1954 (Tr. 97). Thus, Plaintiff was a fifty years old as of May 17, 2004, the date on which she alleged onset of disability (Tr.

97). Plaintiff has a high school education and past relevant work experience as a machine operator and a forklift driver at food processing plants (Tr. 142, 154, 162). In her Disability Report-Adult, Plaintiff reported she was unable to work due to arthritis, depression, TMJ syndrome, psoriasis and headaches, which limit her ability to focus or concentrate and to stand, walk, stoop, bend, lift, reach or carry because of pain (Tr. 150; *see also* Tr. 118, 125). The ALJ found Plaintiff's severe impairments were her "psoriasis, psoriatic arthritis, temporomandibular joint disorder (TMJ), and depression" (Tr. 23).

Plaintiff raises three issues on appeal. First, Plaintiff claims the functional capacity assessment of her treating physician, Dr. Ellen Sackett, M.D., was improperly rejected by the ALJ (P's Brief at 11-13). Second, Plaintiff alleges the ALJ erred in relying exclusively on the GRIDS, rather than vocational testimony, to find she was not disabled (P's Brief at 14-15). Third, Plaintiff claims the ALJ failed to properly analyze the effects of her severe depression when making his step five determination (P's Brief at 15-16).

Defendant argues the ALJ's decision to deny disability benefits is supported by substantial evidence and decided by proper legal standards (*see generally*, D's Brief). More specifically, Defendant asserts Dr. Sackett's opinion was not entitled to controlling weight, Plaintiff failed to prove she had limitations that would prevent the ALJ from relying on the GRIDS, and the ALJ "clearly considered evidence of Plaintiff's depression and determined that it caused no limitations on Plaintiff's ability to perform work-related activity" (D's brief in general; quotation from D's brief at 13).

The Court's independent review of the ALJ's decision and the underlying record reveals the ALJ failed to evaluate Plaintiff's disability claim in accord with the

6

Commissioner's Regulations and the law of this circuit. First, the ALJ failed to properly evaluate Plaintiff's mental impairment. *See* 20 C.F.R. § 404.1520a; *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005) (per curiam) (finding PRTF type analysis must be contained within the ALJ's decision if there is colorable claim of mental impairment). Second, the ALJ incorrectly applied the GRID rules in a mechanistic fashion. *See* 20 C.F.R. § 404.1569a; *Allen v. Sullivan*, 880 F.2d 1200 (11th Cir. 1989) (per curiam) (affirming vocational testimony is preferred when nonexertional limitations are alleged). Therefore, this case must be remanded to the Commissioner for additional proceedings. As will be discussed *infra*, on remand the ALJ must re-evaluate Plaintiff's residual functional capacity in light of this ruling.

### ***The ALJ's Mental Impairment Analysis and Plaintiff's RFC***

Plaintiff asserts that the ALJ erred by "failing to consider Ms. Clopper's severe depression in the determination of her residual functional capacity" (P's Brief at 15). Here, the Court agrees with Plaintiff. The Court's review of the ALJ's decision finds reversible error in the ALJ's consideration of Plaintiff's mental impairment. In this case, ALJ Greer found Plaintiff to have severe physical and mental impairments (Tr. 23). Specifically, the ALJ found Plaintiff's severe impairments included psoriasis, psoriatic arthritis, temporomandibular joint disorder (TMJ), and depression (Tr. 24). The ALJ noted the correct standard to determine whether an impairment is severe is if the impairment significantly limits an individual's physical or mental ability to do basic work activities (Tr. 21, 24). Yet, the ALJ failed to consider Plaintiff's severe mental impairment in accordance with the special technique set forth in 20 C.F.R. § 404.1520a.

7

The ALJ assessed Plaintiff retained the residual functional capacity to perform light exertional work, in which she can lift and/or carry twenty (20) pounds occasionally and lift and/or carry ten (10) pounds frequently (Tr. 31). The ALJ also determined Plaintiff could sit four eight hours, stand for two hours and walk for fifteen (15) minutes without interruption, plus in an eight hour workday she has the ability to sit for a total of eight hours, stand for six hours and walk for two hours (Tr. 31). He further found Ms. Clopper can continuously use her hands, occasionally use her feet to operate foot pedals, occasionally climb stairs, ramps, ladders and scaffolds, plus she can occasionally balance, stoop, kneel, crouch and crawl (Tr. 31). The ALJ is silent regarding any limitations arising out of Plaintiff's severe mental impairments.

As noted above, to properly evaluate a claim of disability based on a mental impairment, the Commissioner is required to follow a special procedure set out in 20 C.F.R. § 404.1520a. That Regulation provides that "at the administrative law judge hearing level ... , we will document application of the technique in the decision." Section 404.1520a (b)(2) sets forth that the Commissioner must rate the degree of functional limitation resulting from the impairments in accordance with paragraph (c) of that section and must record the findings as set out in paragraph (e) of that section. Sub-paragraph (c)(4) requires the degree of limitation in the functional areas of activities of daily living; social functioning; and, concentration, persistence, or pace be rated using a five point scale of: "None, mild, moderate, marked, and extreme" and the degree of limitation in the fourth functional area of episodes of decompensation be rated using the four-point scale of: "None, one or two, three, four or more." "The last point on each scale would indicate

8

a degree of limitation that is incompatible with the ability to do any gainful activity." 20 C.F.R. § 404.1520a(c)(4). In 20 C.F.R. § 404.1520a(e)(2), the Regulation specifies that the decision "must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section."

In this case, the ALJ failed to follow the specified procedure for evaluating Plaintiff's mental impairments. The February 13, 2008 decision does not discuss the findings the ALJ made in the four areas of functioning. The law of the Eleventh Circuit is very clear that when the ALJ fails to comply with Regulations on the methodology for evaluating mental impairments, remand is required. *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005) (per curiam). In *Moore*, the court joined other circuits around the nation in holding "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." *Id*. at 1214 (internal citations omitted).

This is a case where the Plaintiff's mental status is material to the ultimate finding. Here, the ALJ found Plaintiff to have depression that was a severe impairment under the Regulations. Thus, Plaintiff was found to have a severe mental impairment that affected her ability to work. Defendant's argument that the ALJ may have erred in finding Plaintiff's depression was a severe impairment (D's Brief at 14) is utterly without merit. *See, e.g., Chambliss v. Astrue*, No. 07-00360-KD-B, 2008 WL 4102648 (S.D. Ala. Aug. 29, 2008) (in which the court rejected the Commissioner's argument that ALJ erred in finding, or did not mean to find, Plaintiff's anxiety was a severe impairment based on post-hoc

rationalization). Plaintiff presented a colorable claim of a mental impairment, which the ALJ found was severe under the Regulations. That finding is supported by substantial evidence (Tr. 115, 131, 136, 150, 159, 220-22, 239, 266, 272, 284-85, 313, 352, 360, 362-69, 391-98, 442, 444-47, 456, 460). The Commissioner is charged with following his own Regulations in reaching disability determinations and here the Commissioner ultimately failed to evaluate Plaintiff's depression as set forth under 20 C.F.R. § 404.1520a and the prevailing law of this circuit..

In determining that remand is necessary due to the ALJ's failure to articulate his findings in each of the four broad functional areas identified above, the Court finds it is clearly bound by the precedent established in *Moore v. Barnhart*, *supra*, 405 F.3 at 1214 (failure to incorporate the PRTF mode of analysis into the decision requires remand). Further, there are a number of unpublished opinions which are persuasive on this point.[4] For example, in *Harrison v. Astrue*, No. 3:08-cv-577-J-TEM, 2009 WL 2044688 (M.D. Fla. July 10, 2009), this Court remanded the case when the ALJ failed to incorporate his own findings in the four functional areas into the decision to deny the plaintiff's application for disability benefits. A similar case is *Chambliss v. Astrue*, No. 07-00360-KD-B, 2008 WL 4102648 (S.D. Ala. Aug. 29, 2008), in which the court remanded the case for clarification of the ALJ's findings on the plaintiff's mental impairment and for the ALJ "to employ the detailed method of analysis set forth in 20 C.F.R. 404.1520a" if the mental impairment is

---

[4]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

severe. *Id.* at *7. In *Lee v. Barnhart*, 117 Fed. Appx. 674, 677 (10th Cir. 2004), the court found error because "the ALJ did very little of the required mental impairment analysis" when the ALJ relied heavily on the PRTF that was completed by a reviewing medical consultant. In *Dykstra v. Barnhart*, 94 Fed. Appx. 449 (9th Cir. 2004), the court found the case should be remanded to the Commissioner because of the ALJ's failure to comply with requirements of section 1520a. Similarly, in *Calcek v. Comm'r of Social Security*, No. 3:CV-01-1664, 2003 WL 21911069 (M.D. Pa. Jul. 31, 2003), the court remanded the case because there was sufficient evidence of the plaintiff's depression in the record before the ALJ that he should have been on notice that depression compromised the plaintiff's vocational abilities and was therefore required to comply with the special mental evaluation technique set forth in the Regulations.

On the facts of the case at bar, there is no question the ALJ's failure to follow the mental impairment evaluation set forth in 20 C.F.R. § 404.1520a is an omission material to the outcome of this case. As it is impossible for the Court to tell if the ALJ applied the proper test in evaluating Plaintiff's severe mental impairments, this case must be remanded for further proceedings. *See generally, Owens v. Heckler*, 748 F.2d 1511, 1515-17 (11th Cir. 1984) (declining to affirm an ALJ's decision where it was unclear what test the ALJ used in reaching his conclusions and concluding it was not proper to affirm simply because some rationale might have supported the ALJ's conclusions).

On remand, the ALJ must evaluate Plaintiff's mental impairments following the steps set out in 20 C.F.R. § 404.1520a. The ALJ shall consider all the evidence of record in determining the severity of Plaintiff's mental impairments and he must weigh this evidence

in accordance with the applicable Regulations and prevailing case law.  Plaintiff's residual functional capacity must be reassessed based on the ALJ's findings from the section 1520a analysis. The ALJ should state what, if any, limitations on the Plaintiff's ability to work exist due to Plaintiff's severe mental impairments.  This Court interprets the Commissioner's Regulations to require the ALJ explicitly state his findings of the Plaintiff's functional limitations in each of the four broad functional areas.

## ALJ's Use of the Grids vs. Vocational Expert

Plaintiff asserts the ALJ erred in his reliance on the GRIDS to determine Plaintiff was not disabled.  Although the Court does not agree with Plaintiff's specific argument that the ALJ's errors arise out of failure to correctly consider her postural limitations and standing limitation in relation to the impact these restrictions have on the light work base, the Court does agree the ALJ erred in exclusive reliance on the GRIDS in reaching his ultimate conclusion that Plaintiff was not disabled under the Social Security Act.

In this case, there are a number nonexertional impairments that the ALJ found were among Plaintiff's severe impairments.  Clearly depression and psoriasis are nonexertional impairments.  Arguably, TMJ syndrome is a nonexertional impairment and psoriatic arthritis may be either an exertional or nonexertional impairment, the limitations from which arise out of Plaintiff's complaints of pain and discomfort.[5]  The ALJ is required to obtain

---

[5]Psoriatic arthritis is a chronic disease characterized by inflammation of the skin and joints, but may also cause inflammation in body tissues away from the joints other than the skin, such as in the eyes, heart, lungs, and kidneys. William C. Sheil, Jr. M.D., *Psoriatic Arthritis*, available at http://www.medicinenet.com/psoriatic_arthritis/article.htm (last visited Mar. 22, 2010).  More specifically, psoriatic arthritis is "the concurrence of psoriasis and polyarthritis, resembling rheumatoid arthritis but thought to be a specific disease entity, seronegative for rheumatoid factor and often involving the digits." *Stedman's Medical*
(continued...)

vocational evidence, usually by testimony, in determining whether a plaintiff with nonexertional impairments can perform other jobs in the economy. *See Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985); *Holley v. Chater*, 931 F.Supp. 840, 851 (S.D. Fla. 1996). Defendant argues that the residual functional capacity assessed by the ALJ fairly encompasses all of Plaintiff's impairments and, thus, vocational testimony was not required in this instance (D's Brief at 10-14). Defendant's argument is not convincing.

"In the disability programs, a nonexertional impairment is one which is medically determinable and causes a nonexertional limitation of function or an environmental restriction. Nonexertional impairments may or may not significantly narrow the range of work a person can do." Social Security Ruling 83-14, 1983 WL 31254 at *1 (S.S.A. 1983). Nonexertional limitations affect a claimant's ability to meet the demands of jobs, other than strength demands. 20 C.F.R. § 404.1569a(c). For example, difficulty functioning because of depression is classified as a nonexertional limitation. *See id.* Further, difficulties performing postural and manipulative functions of jobs are also viewed as nonexertional limitations. *Id.* "If a claimant has nonexertional impairments that significantly limit the ability to do basis work activities–for example, **sensory impairments such as skin or respiratory sensitivity** and mental or emotional impairment–then the grid regulations do not apply." *Sryock v. Heckler*, 764 F.2d *at* 836 (internal citations omitted; emphasis

---

[5](...continued)
*Dictionary* 149 (27th ed. 2000).

13

added).  Here, Plaintiff was found to have severe nonexertional impairments that included both skin sensitivity and mental depression (Tr. at 23).

Under *Sryock v. Heckler*, "when both exertional and nonexertional limitations affect a claimant's ability to work, the ALJ should make a **specific finding** as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations."  764 F.2d *at* 836 (emphasis added).  The ALJ's decision in this case is simply devoid of a specific finding regarding Plaintiff's nonexertional limitations.

Eleventh Circuit case law strongly suggests a preference for use of a vocational expert where nonexertional impairments limit a claimant's ability to work.  In *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999), the court found exclusive reliance on the GRIDS is not appropriate where the claimant has nonexertional impairments that significantly limit basic work skills.  By definition, any severe impairment is one which significantly limits a claimant's basic work skills. *See* 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is **not severe** if it does not significantly limit your physical or mental ability to do basic work activities") (emphasis added). (*Also see* Tr. 23: "These impairments are 'severe' within the meaning of the Regulations because they cause significant limitations in the claimant's ability to perform basic work activities.")  In *Walker v. Bowen*, the court held that exclusive reliance is not appropriate "either when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a nonexertional impairment that significantly limits basic work skills.  *Walker v. Bowen*, 826 F.2d 996, 1002-03 (11th Cir. 1987).  Where nonexertional limitations exist, the preferred

14

method of demonstrating a claimant can perform specific work is through the testimony of an a vocational expert. *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986). When nonexertional impairments are present that would not allow for the performance of a full range of work, exclusive reliance upon the "grids" is inappropriate and vocational expert testimony is required to determine whether the claimant's limitations are severe enough to preclude the performance of a wide range of work. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). As stated in *Williams v. Halter*, 135 F.Supp.2d 1225, (M.D. Fla. 2001), "[i]t is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." *Id.* at 1235 (internal citations omitted).

In this case, it is <u>not</u> <u>clear</u> Plaintiff can do unlimited types of light work.[6] Plaintiff has severe nonexertional impairments that are not reflected in the assessed RFC. The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were "not entirely credible" (Tr. 33). From this finding, the Court concludes the ALJ determined Plaintiff's statements were partially credible. However, the ALJ's treatment of the nonexertional impairments, and the resulting work limitations, is not clear

---

[6]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

in the decision. When the Court can not discern the basis for the ALJ's decision, remand is often appropriate to allow the ALJ to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 830 (11th Cir. 1984).

There is no indication the ALJ relied on any acceptable vocational resource in determining Plaintiff could perform other work in the national economy. In relatively simple cases, the Commissioner's guidelines suggest an ALJ utilize the vocational/work-related publications listed in 20 C.F.R. § 404.1566 to determine what jobs exist that a claimant can perform, when the GRIDS are used as a framework for evaluating additional impairments of a nonexertional nature. SSR 83-14, 1983 WL 31254 at *3-4. *See also, Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (an ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence). In more complex cases, the Commissioner has found "a person or persons with specialized knowledge would be helpful." SSR 83-14, 1983 WL 31254 at *4. The Court finds the instant action is not such a simple case that reference to the various acceptable vocational publications would suffice.

Thus, the ALJ's reliance on the GRIDS to direct a determination of non-disability, without any reference to other vocational resources, was improper. Under both Eleventh Circuit precedent, as stated above, and the Commissioner's program policy statement for evaluating a combination of exertional and nonexertional impairments (SSR 83-14), vocational expert testimony should have been obtained.

**The Medical Opinion Evidence**

Plaintiff asserts the functional capacity assessment completed by Plaintiff's treating physician, Dr. Ellen Sackett, was wrongly rejected by the ALJ. Plaintiff specifically argues that neither of the two reasons given by the ALJ for rejecting Dr. Sackett's assessment of Plaintiff's functional capacities amounts to good cause under Eleventh Circuit law because these reasons are not supported by substantial evidence in the record (P's Brief at 11-14). As this case is due to be remanded for the reasons set forth above, the Court finds it unnecessary to reach the merits of Plaintiff's argument on this issue. The Court has already found Plaintiff's RFC must be reassessed in light of the flawed mental impairment analysis, therefore the Commissioner will be instructed to reevaluate the record as a whole as part of the remand proceedings. On remand, the ALJ must reevaluate the record, including the medical opinion evidence on both physical and mental limitations, when determining Plaintiff's overall residual functional capacity.

## CONCLUSION

For the reasons stated herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner shall conduct additional proceedings consistent with this Court's findings.

The Court cautions Plaintiff, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

17

## DIRECTIONS AS TO JUDGMENT

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file. The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006); *compare* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a).

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of March, 2010.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record