**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DEBORAH CLOPPER,

    Plaintiff,

vs.                                                                          CASE NO. 3:08-cv-1055-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**O R D E R**

This case is before the Court on Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (hereinafter referred to as EAJA) (Doc. #17), filed April 21, 2010. Plaintiff's counsel requests an award of $2,931 in attorney fees and reimbursement of $350.00 in costs pursuant to the EAJA (Doc. #17 at 1). Plaintiff's counsel avers that she contacted Defendant's counsel prior to filing the instant motion and Defendant does not have an objection to the sought relief (Doc. #17-1 at 5). To date, no opposition has been filed and the matter is ripe for the Court's consideration.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

    1.     Attorney fees are authorized in this action because Plaintiff, having obtained a sentence for remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees, nothing in the record indicates

Plaintiff had a net worth of more than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. See 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $172.87 per hour for services provided in 2008, $172.25 for services provided in 2009, and $174 per hour for services in 2010 (Doc. #17 at 2). The Court in its discretion has

determined that these hourly rates and the resulting fee amounts are reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[1]

3. Plaintiff's counsel has requested any awarded EAJA fees be paid directly to her, rather than to Plaintiff (Doc. #17 at 1, Doc. #17-1 at 1). In support of this request, Plaintiff's counsel provided a copy of a document entitled "Assignment of Equal Access to Justice Act fees" (Doc. #17-3).

Under Eleventh Circuit Court of Appeals case law, the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of the party's litigation expenses. *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988). In that case, the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA. The recent decision of the Eleventh Circuit in *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute. The *Reeves* court found the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must look to the [prevailing] party for compensation for their services." *Id.* at 736. The *Reeves* court further held that EAJA fees may be offset by the government where the plaintiff owes debts subject to the Debt

---

[1]The Court arrived at its conclusions after visiting the following website: www.minneapolisfed.org (last visited May 11, 2010). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available to be available in the future.

Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a).  *Id.* at n.3; *see also* 31 C.F.R. § 285.5.

However, neither *Panola* nor *Reeves* squarely addresses the payment of EAJA fees directly to counsel when the prevailing plaintiff has assigned his or her interest to the attorney.  This Court will follow the common practice of other courts in our district by directing said payment to counsel when an assignment of benefits has been included with the counsel's petition.  *Hagman v. Astrue*, 546 F. Supp. 2d 1294, 1299 (M.D. Fla. 2007) (holding EAJA fees must be paid directly to Plaintiff's attorney when such request is made in the petition)*; Williams v. Comm. of Soc. Sec.*, No. 6:07-cv-212-ORL-KRS, 2008 U.S. Dist. LEXIS 31366, at *2-3 (M.D. Fla. Apr. 16, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); *Stoykor-Adams v. Astrue*, No. 8:06-cv-733-T-TBM, 2008 WL 508198, at *3 (M.D. Fla. Feb. 21, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff); *Fricke v. Comm. of Soc. Sec.*, No. 6:07-cv-844-ORL-KRS, 2008 WL 450032, at *1 (M.D. Fla. Feb. 15, 2008) (ordering payment of EAJA fees directly to plaintiff's counsel pursuant to an assignment of such fees by plaintiff).

4.	The Court thus finds that $2,931 ($172.87 x 3 hours in 2008, plus $172.25 x 13.5 hours in 2009, plus $174 x .5 hours in 2010) is a reasonable amount for attorney fees in this case.  The Court finds the number of hours was reasonably expended, given the complexity of the issues in this case.

5.	Plaintiff makes a claim for reimbursement costs incurred filing the complaint in this action.  The Court finds that $350 for filing fees is a reasonable claim for costs in this case under 28 U.S.C. § 2412(a).  As the Plaintiff's Assignment of Equal Access to

Justice Act fees contains no reference to assignment of reimbursable costs, Plaintiff's counsel is directed to reimburse Plaintiff the $350 filing fee incurred to initiate this litigation, unless said cost was advanced on Plaintiff's behalf pursuant to Fla. R. Prof. Conduct 4-1.8(e) (2006).

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Application for Attorney's Fee Under the Equal Access to Justice Act (Doc. #17) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,931 for attorney fees and $350 for costs.

3. The request that the Court direct the payment of the fees be made to Ms. Jennifer F. Jancicka, Esquire is **GRANTED**.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of May, 2010.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record